UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| KAITLIN LEARY | : | CIVIL ACTION NO.: |
| --- | --- | --- |
| | : | 3:20-cv-01270-RNC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NBC UNIVERSAL MEDIA, LLC | : | |
| | : | |
| Defendant. | : | November 17, 2020 |

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant NBCUniversal Media, LLC ("Defendant" or "NBCU"), by and through its undersigned counsel, hereby submits its Answer and Defenses in response to Plaintiff Kaitlin Leary's ("Plaintiff" or "Leary") Complaint, dated August 28, 2020.

**I.     INTRODUCTION**

1.     Paragraph 1 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

**II.    PARTIES**

2.     Defendant admits that Plaintiff is Kaitlin Leary and that Plaintiff was known professionally as Kate Rayner. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies.

3.     Denied, except admit that Defendant is NBCUniversal Media, LLC and that Defendant maintains a place of business at 1422 New Britain Avenue, West Hartford, Connecticut.

4. Defendant admits that it employs more than 50 employees. The remaining allegations of Paragraph 4 assert a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

### III. JURISDICTION

5. Paragraph 5 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

6. Denied, except admit that Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities, and that the Release of Jurisdiction letter and the Right to Sue letter are documents, the content of which speaks for itself.

### IV. BACKGROUND

7. Denied, except admit that Plaintiff began work for Defendant as a field reporter in or around September 2014.

8. Denied, except admit that Plaintiff worked as a field reporter and resigned from her position in or around December 2019.

9. Denied, except admit that Plaintiff worked as a field reporter.

10. Denied, except admit that on some occasions throughout her employment with Defendant, Plaintiff covered the news desk.

11. Denied, except admit that, as a field reporter, Plaintiff typically traveled by vehicle with a photographer to perform her job duties and that she would occasionally work in the vehicle.

12. Denied, except admit that Plaintiff was responsible for preparing her stories and reporting them, and that the photographer would sometimes collect footage for the stories.

13. Defendant is unable to respond to the allegation regarding the news anchor position, given the vague and ambiguous nature of the position and timeframe referenced. Defendant denies the remaining allegations.

14. Denied, except admit that Plaintiff began reporting to Janet Hundley beginning in or around August 2018.

15. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies.

16. Denied, except admit that Defendant accommodated any work restrictions related to Plaintiff's pregnancy.

17. Denied.

18. Denied.

19. Denied, except admit that Defendant accommodated any work restrictions related to Plaintiff's pregnancy in 2017.

20. Denied, except admit that Defendant permitted Plaintiff to work from the station near the end of her pregnancy in 2019.

21. Denied, except admit, upon information and belief, that Plaintiff's second child was born in or around March 2019 and admit that Plaintiff returned to work in or around August 2019.

22. Denied, except admit that Plaintiff spoke with Ms. Hundley in or around July 2019 regarding her return to work.

23. Denied.

24. Denied.

25. Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the timeframe referenced. To the extent a response is required, Defendant denies, except admits that Defendant provided accommodations to Plaintiff related to her pregnancies in 2017 and 2019.

26. Denied, except admit that Ms. Hundley provided Plaintiff with resources to assist her in finding appropriate places to express milk while in the field.

27. Defendant lacks knowledge concerning Plaintiff's allegations regarding her "research," and therefore denies these allegations. Defendant also denies the remaining allegations of Paragraph 27.

28. Defendant lacks knowledge concerning the allegations regarding what Plaintiff "expect[ed]", and therefore denies these allegations. The remaining factual allegations are denied, except Defendant admits that Defendant expected Plaintiff to report from the field when she returned to work on or around August 2, 2019 and that Defendant provided Plaintiff with resources to assist her in finding appropriate places to express milk while in the field.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied, except admit that Defendant renewed Plaintiff's personal services contract in or around March 2018.

NBCUniversal:6088940v1

4

36. Denied, except admit that, in or around August 2019, Plaintiff informed Defendant that she was hiring an attorney and that Plaintiff and her attorney met with Defendant to discuss accommodations. Defendant further admits that it agreed to provide (and did provide at Defendant's cost) a "mobile lactation room" for Plaintiff to use to express milk while in the field.

37. Denied.

38. Denied.

39. Denied.

40. Denied, except admit that Defendant provided a "mobile lactation room" in which Plaintiff could express milk.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied, except admit that Plaintiff's performance began to decline in 2019 and that Defendant discussed her performance issues with her.

49. Denied, except admit that Plaintiff's performance began to decline in 2019 and that Defendant discussed her performance issues with her.

50. Denied.

NBCUniversal:6088940v1

51. Denied, except admit that Plaintiff's performance began to decline in 2019 and Defendant considered having a manager shadow Plaintiff to better understand whether there were any issues in the field (though no manager did shadow Plaintiff).

52. Denied.

53. Denied.

54. Denied, except admit that Defendant held meetings with Plaintiff and her union steward to discuss her performance issues.

55. Denied.

56. Denied.

57. Denied.

58. Denied, except admit that Plaintiff took a leave of absence starting in or around November 2019.

59. Denied.

60. Denied, except admit that Plaintiff resigned in or around December 2019.

61. Denied.

62. Denied.

### COUNT ONE:
### Sex and Pregnancy Discrimination in Violation of Title VII
### of the Civil Rights Act of 1964 ("Title VII"), as amended by the
### Pregnancy Discrimination Act of 1978 ("PDA")

1-62. Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT TWO:
## Sex and Pregnancy Discrimination in Violation of the Connecticut
## Fair Employment Practices Act, Conn. Gen. Stat. §§ 46(a)-60(a) and (a)(7)

1-62. Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT THREE:
## Retaliation in Violation of Title VII, as amended by the PDA

1-62. Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63. Denied.

64. Paragraph 64 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

NBCUniversal:6088940v1

# COUNT FOUR:
## Retaliation in Violation of the CFEPA, Conn. Gen. Stat. §§ 46(a)-60(a)(4) and (a)(7)

1-62. Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63. Paragraph 63 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

64. Paragraph 64 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

# COUNT FIVE:
## Constructive Discharge

1-62. Defendant hereby repeats and reasserts its responses to Paragraphs 1 through 62 of the Complaint as if fully set forth herein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant asserts the following defenses:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are time barred to the extent they were not commenced within the applicable statute of limitations.

**THIRD DEFENSE**

At all times relevant, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal or state laws, rules, regulations or guidelines.

**FOURTH DEFENSE**

All actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

**FIFTH DEFENSE**

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to Plaintiff's alleged protected classes.

**SIXTH DEFENSE**

Plaintiff's claims fail because she was treated in a legitimate, non-discriminatory/non-retaliatory manner.

**SEVENTH DEFENSE**

Defendant states that it maintained a policy prohibiting harassment, discrimination and retaliation, and a procedure for the resolution of complaints alleging harassment, discrimination and retaliation and otherwise exercised reasonable care to prevent unlawful behavior in the workplace.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**NINTH DEFENSE**

Plaintiff was unqualified to perform the essential functions of her position, with or without an accommodation.

**TENTH DEFENSE**

Plaintiff's requested accommodation would have posed an undue burden on Defendant.

**ELEVENTH DEFENSE**

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced accordingly.

**TWELFTH DEFENSE**

Any alleged damages suffered by Plaintiff were in no way caused by, or the result of, any fault, act or omission by Defendant, but rather were caused by circumstances, persons, and/or entities for which and/or for whom Defendant is not and may not be held responsible, including Plaintiff, for which Defendant cannot be held liable.

**THIRTEENTH DEFENSE**

In the event that Plaintiff can demonstrate that her alleged disability or any protected characteristic was a motivating factor in any alleged employment decision that she challenges, she is not entitled to money damages or other relief because Defendant would have taken the same action in the absence of any such impermissible factor.

## FOURTEENTH DEFENSE

Plaintiff's claim for compensatory damages is barred to the extent Plaintiff is unable to establish harm caused by Defendant's alleged actions.

## FIFTEENTH DEFENSE

The damages and relief sought in Plaintiff's Complaint are, in whole or in part, not legally authorized.

## SIXTEENTH DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

## SEVENTEENTH DEFENSE

An award of punitive damages would be contrary to Defendant's good faith efforts to comply with the law.

## EIGHTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence, unclean hands, and/or laches.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as may arise during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor on all counts and grant Defendant any and all such other relief as the Court may deem just and proper.

DEFENDANT,
NBCUNIVERSAL MEDIA, LLC

By: */s/ Kelly M. Cardin*
Kelly M. Cardin (CT29162)
kelly.cardin@ogletree.com
Nicole S. Mulé (CT30624)
nicole.mule@ogletree.com
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203.969.3109
Facsimile: 203.969.3150

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 17th day of November, 2020.

*/s/ Kelly M. Cardin*
Kelly M. Cardin

44593333.4